## ACKERMAN, LEVINE, CULLEN, BRICKMAN & LIMMER, LLP
ATTORNEYS AT LAW
1010 NORTHERN BOULEVARD
SUITE 400
GREAT NECK, NEW YORK 11021

(516) 829-6900
(212) 466-6977
FACSIMILE: (516) 829-6966
www.ackermanlevine.com

WILLIAM A. ACKERMAN
JOHN M. BRICKMAN
DONALD FLORMAN
JOHN M. GAIONI
LESLIE J. LEVINE
STEPHEN G. LIMMER
ANDREW J. LUSKIN
CHRISTOPHER J. PRIOR
HOLLIS F. RUSSELL

TODD HARRIS HESEKIEL
JAMES M. MEANEY
KIRA L. POLNER

JAMES A. BRADLEY
EUGENE T. CULLEN (RET.)
JOHN M. FARRELL, JR.
COUNSEL

SPECIAL COUNSEL
MICHELLE SHEEHAN PRIOR

January 12, 2007

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
   Eastern District of New York
100 Federal Plaza, Courtroom 910
Central Islip, New York  11722-9014

   Re: Convermat Corp.v. St. Paul Fire & Marine
     <u>CV No. 06-1045 (JFB)(AKT)</u>

Dear Judge Tomlinson:

  We represent plaintiff. In accordance with your November 30, 2006, Civil Conference Minute Order, we submit this letter as plaintiff's application for an order directing defendant to provide complete responses to several discovery demands to which defendant refuses to respond properly.

<u>Background</u>

  About August 7, 2006, plaintiff served defendant with plaintiff's first request for the production of documents (the "Document Request") and plaintiff's first set of interrogatories (the "First Interrogatories"). About October 24, 2006, defendant served its response to the Document Request (the "Document Response") and its response to the First Interrogatories (the "First Interrogatory Response"). I attach copies of defendant's Document Response and First Interrogatory Response. (I do not attach copies of the Document Request or First Interrogatories because the Document Response and First Interrogatory Response themselves contain the text of each request made in the Document Request and First Interrogatories.)

  Defendant's Document Response and First Interrogatory Response contain a number of deficiencies. I addressed these deficiencies in my letter to defendant's counsel

ACKERMAN, LEVINE, CULLEN, BRICKMAN & LIMMER, LLP

Hon. A. Kathleen Tomlinson

Page 2
January 12, 2007

dated November 27, 2006. Also on November 27, 2006, we served our second set of interrogatories (the "Second Interrogatories").

      Following my November 27 letter to defendant's counsel, he and I submitted a joint letter to you, providing a discovery status in advance of our November 30, 2006, conference. In that letter, we told you that discovery was proceeding and that we were attempting amicably to resolve outstanding discovery issues. We also told you that plaintiff intended to serve its deposition notices once it received defendant's response to my November 27, 2006, letter (addressing discovery deficiencies) and to plaintiff's Second Interrogatories. We confirmed these representations during our November 30, 2006, telephone conference.

      On December 27, 2006, I received the response of defendant's counsel to my November 27, 2006, letter. Counsel's letter addresses the discovery deficiencies pointed out in my November 27, 2006, letter, but fails to cure a number of those deficiencies.

      On January 5, 2007, I received defendant's response to plaintiff's Second Interrogatories (the "Second Interrogatory Response"). I attach a copy of the Second Interrogatory Response for your reference (Again, I do not attach a copy of the Second Interrogatories because the Second Interrogatory Response itself contains the text of each Interrogatory.) The Second Interrogatory Response also is inadequate.

Specific Discovery Issues

First Interrogatories – Item 1; Second Interrogatories – Items 4 and 5:

      Item 1 seeks information regarding the identity of individuals responsible for underwriting the insurance policy at issue in this litigation (the "Policy"). Items 4 and 5 (Item 5 is identified erroneously in defendant's Second Interrogatory Response as Item 2) seek information, including the job title, job description, employer, assigned unit, involvement in the issuance and renewal of the Policy, and the handing of the claim at issue in this litigation (the "Claim"), for several people whose names appear in documents produced by defendant in its Document Response. Defendant objects to these interrogatories, claiming that they are not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to these objections, defendant refers simply to the package of documents submitted by defendant as its Document Response, and deems this blanket reference its response to Items 1 and 5.

ACKERMAN, LEVINE, CULLEN, BRICKMAN & LIMMER, LLP

Hon. A. Kathleen Tomlinson

Page 3
January 12, 2007

Defendant's objections are misplaced and defendant's limited responses are inadequate. FRCP 33(c) provides that "interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1) . . . ." FRCP 26 (b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including . . . the identity and location of persons having knowledge of any discoverable matter." The coverage provided by the Policy and the reasons for defendant's denial of the claim are at the heart of this dispute. The individuals addressed in Items 1, 4, and 5, each has first-hand knowledge regarding these issues, and therefore, the information sought is relevant to plaintiff's claims and defenses. Accordingly, it is discoverable under FRCP 26(b)(1), and, a proper subject of interrogatories served under FRCP 33. See e.g. Hamilton v. Kerik, 2002 U.S. Dist. LEXIS 24194, *4 (S.D.N.Y. 2002) (names, titles, and duties of staff members involved in creating rules and regulations at issue in litigation are discoverable).

The information requested is also relevant because it will allow plaintiff to determine which of defendant's officers, directors, or managing agents it needs to depose. As we told you in the November 27, 2006, joint letter, and during our November 30, 2006, telephone conference, plaintiff has not yet served deposition notices. Plaintiff was to serve its deposition notices upon receipt of defendant's adequate discovery responses. Plaintiff may choose to specify the individuals it wants to depose. Plaintiff is not required to serve deposition notices pursuant to Rule 30(b)(6) and allow defendant to select the witnesses it wishes to produce. Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 169 (S.D.N.Y. 1985). Plaintiff has the right to designate the deponents. Id.

Without the information requested in Items 1, 4, and 5, we cannot ascertain whether people who are identified only by name in correspondence included in defendant's Document Response are officers, directors, or managing agents of defendant. This information is critical to plaintiff's determination of whether the individuals can be noticed for a deposition as corporate representatives, or whether the individuals must be subpoenaed as ordinary non-party witnesses. See, e.g. Ruinksy v. Harrah's Entertainment, Inc., 2006 U.S. Dist. LEXIS 13149 (E.D.N.Y. 2006); Sugarhill Records Ltd. v. Motown Record Corp. Without the information sought, plaintiff's right to choose the witnesses it wants to depose is prejudiced severely.

Defendant's limited responses to Items 1 and 5, which it provides "subject to" its objections, are also improper. Defendant's responses merely refer to the documents produced in defendant's Document Response. Under FRCP 33(d), defendant cannot

ACKERMAN, LEVINE, CULLEN, BRICKMAN & LIMMER, LLP

Hon. A. Kathleen Tomlinson

Page 4
January 12, 2007

refer simply to documents exchanged in disclosure when, as here, the information sought is more readily ascertainable to defendant than plaintiff, and where the "interrogatory can be responded to more readily and conveniently by written answer." Compagnie Francaise d'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 44 (S.D.N.Y. 1984). The information sought by plaintiff, regarding, for example, the title and employment responsibilities of individuals who underwrote the Policy and who handled the Claim, is readily available to defendant. These people are defendant's employees. Defendant clearly has easy access to the requested information, which, despite defendant's contrary contention, is not included in its Document Response. Accordingly, under FRCP 33(d), defendant must provide the requested information in its interrogatory responses.

First Interrogatories – Item 3; Document Request – Items 17 through 21

These items seek information regarding defendant's denial of claims by other insureds arising out of Hurricane Rita, and the policies and procedures put in place by defendant for the handling of claims arising out of Hurricane Rita. Defendant objects to each of these items, claiming that each is "overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence." Despite defendant's citation to every possible objection it apparently could imagine, defendant provides no support for any of these objections. Such conclusory objections, without any support, are inappropriate. See e.g. Hemming v. Alfin Fragrances, Inc., 1989 U.S. Dist. LEXIS 9421, *2 (S.D.N.Y. 1989) (conclusory objection that a demand is unduly burdensome is insufficient). Defendant also provides no privilege log identifying the documents that it claims are subject to the attorney-client privilege.

Based upon its research, plaintiff has a good faith basis for its allegations that defendant maintained a practice of wrongfully denying claims of similarly situated insureds. For example, the Louisiana Department of Insurance is conducting a market behavior audit on defendant, as a result of the excessive number of customer complaints the Department received regarding defendant's handling of claims following Hurricane Rita. Only two other insurance companies, of all those doing business in Louisiana, are being investigated in this manner. Moreover, plaintiff is aware of a number of lawsuits brought against defendant as a result of claim denials after Hurricane Rita.

ACKERMAN, LEVINE, CULLEN, BRICKMAN & LIMMER, LLP

Hon. A. Kathleen Tomlinson

Page 5
January 12, 2007

      The information sought by plaintiff in each of the items addressed in this section will support plaintiff's claims under the New York General Business Law, New York Insurance Law, Texas Insurance Code, and Texas Business & Commerce Code. Disclosure sought for such purpose is appropriate. Hamilton v. Kerik, 2002 U.S. Dist. LEXIS, at *8 (defendant directed to respond to interrogatory and produce documents responsive to plaintiff's request seeking evidence to prove plaintiff's allegations). Accordingly, defendant must respond to these items.

Conclusion

      The federal discovery rules are to be interpreted broadly. Gary Plasitc Packaging Corp. v. Merrill Lynch, 756 F.2d 230, 236 (2d Cir. 1984); Costa v. Mechanical Services, Inc., 237 F.R.D. 21, 23 (E.D.N.Y. 2006). Each of the items addressed above seeks information that is material and relevant to plaintiff's claims and defenses or the identity and location of persons having knowledge of such discoverable material. FRCP 26 (b)(1). Accordingly, plaintiff requests an order directing defendant to provide complete responses to each of the items addressed in this letter. Time is of the essence, since, as explained above, plaintiff cannot serve its deposition notices until it receives these responses. The discovery cut-off date of March 15, 2007, is fast approaching.

Respectfully,

Todd Harris Hesekiel

cc:    James W. Carbin, Esq.
        Aaron Van Nostrand, Esq.

206725