**DUANE MORRIS LLP**
a Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorneys for Defendant
St. Paul Fire & Marine Insurance Company

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVERMAT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>Defendant/Plaintiff in Counterclaim | Civil Action No.: CV-06-1045 (JFB) (AKT)<br><br>**RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS** |

To:   Todd Harris Hesekiel
      Ackerman, Levine, Cullen, Brickman & Limmer, LLP
      175 Great Neck Road
      Great Neck, New York 11021
      Attorneys for Plaintiff
      Convermat Corporation

Defendant St. Paul Fire and Marine Insurance Company n/k/a St. Paul Travelers Companies, Inc. ("St. Paul"), by its attorneys, Duane Morris LLP, responds to Plaintiff's First Request for the Production of Documents as follows:

### GENERAL OBJECTIONS

The following general objections apply to the responses set forth below:

1.   St. Paul objects to these Demands to the extent they are vague, confusing, overly broad, and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

2. St. Paul objects to these Demands to the extent that they seek to impose requirements different from and in addition to those required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of New York.

3. St. Paul objects generally to each demand to the extent that: (i) the Demands seek documents and information relating or related to various subjects on the grounds that such designation does not describe the material sought with sufficient particularity necessary to identify the material to be produced; (ii) the Demands are overly broad and require an unduly burdensome search of St. Paul's records and attempts to cover persons and business entities which are not parties to this action and purports to require St. Paul to supply information which is not available and documents which are not within St. Paul's possession, custody and control; and (iii) the Demands are unduly, vague, ambiguous and seek information which is not relevant to the within litigation or the discovery of admissible information and/or evidence.

4. In providing a response to Plaintiff's Demands, St. Paul does not in any way waive or intend to waive, but rather intends to preserve and is preserving: (i) all objections as to competency, relevancy, materiality, and admissibility; (ii) all rights to object on any ground to the use of any of the responses herein or documents in any subsequent proceedings, including a trial or any other actions; (iii) all objections as to vagueness and ambiguity; and (iv) all rights to object on any ground to any document request or other discovery request including or relating to these Demands.

5. St. Paul objects to the Demands to the extent they call for information that is subject to the attorney-client privilege, that is immune from discovery under the work product doctrine, that was prepared in anticipation of litigation or that is otherwise protected from

disclosure under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York and relevant case law.

6. These responses and objections are based upon information now known. St. Paul has not yet completed its discovery or preparation for trial in this action and therefore reserves its right to amend, modify or supplement the objections and responses dated therein.

7. St. Paul incorporates the foregoing general objections into each and every objection and or individualized response contained herein and sets forth below into each and every amendment, supplement or modification to these responses hereinafter provided.

8. St. Paul does not intend to waive any general objection in response to any specific interrogatory.

9. St. Paul reserves the right to amend its responses to Plaintiff's Demand for Production of Documents as information is obtained.

## RESPONSES

1. All documents identified by defendant in defendant's Rule 26 Disclosure Statement.

RESPONSE: See documents annexed hereto.

2. The Policy.

RESPONSE: See documents annexed hereto.

3. All documents concerning the drafting of the Policy.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product

doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

4. The underwriting file for the Policy.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

5. All documents and communications exchanged between plaintiff and defendant concerning the issuance and/or renewal of the Policy.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

6. All documents and communications exchanged between CBS Coverage Group, Inc. and defendant concerning the issuance and/or renewal of the Policy.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

7. All documents and communications exchanged between plaintiff and defendant concerning the coverage afforded by the Policy.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

8. All documents and communications exchanged between CBS Coverage Group, Inc. and defendant concerning the coverage afforded by the Policy.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

9. All documents concerning defendant's definitions of the following terms as used in the Policy:

(a) "Wind Coverage";

(b) "Windstorm";

(c) "Wind Driven Rain";

(d) "Hurricane"; and

(e) "Flood" or "Flooding."

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

12. All documents and communications exchanged between plaintiff and defendant concerning the Claim.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

13. All documents and communications exchanged between CBS Coverage Group, Inc. and defendant concerning the Claim.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

14. All documents and communications exchanged between defendant's employees, officers, directors, employees, partners, corporate parent(s), subsidiaries and/or affiliates concerning the manner in which the Claim was to be handled.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

15. All documents and communications exchanged between defendant and MMK International Marine Services Inc. concerning any investigation into the Claim.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

16. All photographs of the warehouse(s) in Beaumont, Texas where plaintiff stored its goods.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents annexed hereto.

17. All documents and communications that defendant sent to its other insureds concerning the denial of claims made by these other insureds as a result of loss sustained due to Hurricane Rita based upon the same or similar policy provisions on which defendant relied in its denial of plaintiff's Claim.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

18. All documents and communications that defendant received from defendant's other insureds concerning claims addressed in defendant's response to item 17 herein.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

19. All documents concerning policies and procedures maintained by defendant for the handling of claims made by insureds as a result of Hurricane Rita.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

20. All documents and communications exchanged between defendant's employees, officers, directors, employees, partners, corporate parent(s), subsidiaries and/or affiliates concerning the manner in which claims arising out of Hurricane Rita were to be handled.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

21. All documents concerning litigation commenced by or against defendant's insureds as a result of claims made due to Hurricane Rita, that were denied by defendant based

upon the same or similar policy provisions on which defendant relied in its denial pr plaintiff's Claim.

RESPONSE: St. Paul objects to this demand on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

22. All documents concerning defendant's second affirmative defense that plaintiff's claims are barred by the doctrines of estoppel.

RESPONSE: St. Paul objects to this demand to the extent that it is premature, as discovery in this manner is ongoing. St. Paul reserves the right to supplement this responses as discovery continues.

23. All documents concerning defendant's third affirmative defense that plaintiff's claims are barred by the doctrine of waiver.

RESPONSE: St. Paul objects to this demand to the extent that it is premature, as discovery in this manner is ongoing. St. Paul reserves the right to supplement this responses as discovery continues.

24. All documents concerning defendant's assertion in paragraph 10 of its counterclaim that "the damage for which Convermat makes claim was due to wind driven rain."

RESPONSE: St. Paul objects to this demand to the extent that it is premature, as discovery in this manner is ongoing. Subject to and without waiving said objections, see documents annexed hereto.

25. All documents concerning defendant's assertion in paragraph 23 of its counterclaim that "plaintiff failed to comply with terms and conditions contained in the Policy."

RESPONSE: St. Paul objects to this demand to the extent that it is premature, as discovery in this manner is ongoing. Subject to and without waiving said objections, see documents annexed hereto.

Dated: October 23, 2006

DUANE MORRIS LLP
a Delaware Limited Liability Partnership

By: _____
Aaron Van Nostrand (AV-0072)
Attorneys for Defendant
St. Paul Fire and Marine Insurance Company
744 Broad Street, Suite 1200
Newark, New Jersey 07102

**DUANE MORRIS LLP**
a Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorneys for Defendant
St. Paul Fire & Marine Insurance Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVERMAT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY<br><br>Defendant. | Civil Action No.: CV-06-1045 (JFB) (AKT)<br><br>**RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

Defendant St. Paul Fire and Marine Insurance Company n/k/a St. Paul Travelers Companies, Inc. ("St. Paul"), by and through its attorneys, Duane Morris LLP, responds to Plaintiff's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

The following general objections apply to the responses set forth below:

1. St. Paul objects to these Interrogatories to the extent they are vague, confusing, overly broad, and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

2. St. Paul objects to these Interrogatories to the extent that they seek to impose requirements different from and in addition to those required by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the Eastern District of New York.

3. St. Paul objects generally to each interrogatory to the extent that: (i) the interrogatories seek documents and information relating or related to various subjects on the grounds that such designation does not describe the material sought with sufficient particularity necessary to identify the material to be produced; (ii) the interrogatories are overly broad and requires an unduly burdensome search of St. Paul's records and attempts to cover persons and business entities which are not parties to this action and purports to require St. Paul to supply information which is not available and documents which are not within St. Paul's possession, custody and control; and (iii) the interrogatories are unduly, vague, ambiguous and seek information which is not relevant to the within litigation or the discovery of admissible information and/or evidence.

4. In providing a response to Plaintiff's interrogatories, St. Paul does not in any way waive or intend to waive, but rather intends to preserve and is preserving: (i) all objections as to competency, relevancy, materiality, and admissibility; (ii) all rights to object on any ground to the use of any of the responses herein or documents in any subsequent proceedings, including a trial or any other actions; (iii) all objections as to vagueness and ambiguity; and (iv) all rights to object on any ground to any document request or other discovery request including or relating to these interrogatories.

5. St. Paul objects to the Interrogatories to the extent they call for information that is subject to the attorney-client privilege, that is immune from discovery under the work product doctrine, that was prepared in anticipation of litigation or that is otherwise protected from

disclosure under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York and relevant case law.

6. These responses and objections are based upon information now known. St. Paul has not yet completed its discovery or preparation for trial in this action and therefore reserves its right to amend, modify or supplement the objections of responses dated therein.

7. St. Paul incorporates the foregoing general objections into each and every objection and or individualized response contained herein and sets forth below into each and every amendment, supplement or modification to these responses hereinafter provided.

8. St. Paul does not intend to waive any general objection in response to any specific interrogatory.

## INTERROGATORIES

1. Identify the individual or individuals responsible for underwriting the Policy, including each such individuals' name, title, last known address, telephone number, and employment responsibilities.

RESPONSE: St. Paul objects to this Interrogatory on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents produced in response to Plaintiff's First Request for the Production of Documents.

2. State whether a specific unit, task force, or the like was set up by defendant to deal with claims made as a result of Hurricane Rita. If such unit, task force, or the like was set up by defendant, identify all individuals who were associated with such unit, task force, or the

like, including each such individuals' name, title, last known address, telephone number, and employment responsibilities.

RESPONSE: St. Paul objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, St. Paul responds that there was no "specific unit, task force, or the like . . . set up by [St. Paul] to deal with claims made as a result of Hurricane Rita" under marine policies.

3. Identify all claims made by defendant's insureds as a result of loss sustained due to Hurricane Rita that were denied by defendant, the reason for such denial, and the current status of such claim, including the status of any litigation arising out of such denial of coverage.

RESPONSE: St. Paul objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

DM1\686665.1

4

## CERTIFICATION

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Williette Gardiner

**DUANE MORRIS LLP**
a Delaware Limited Liability Partnership
744 Broad Street, Suite 1200
Newark, New Jersey 07102
(973) 424-2000
Attorneys for Defendant
St. Paul Fire & Marine Insurance Company

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONVERMAT CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE INSURANCE COMPANY<br><br>Defendant. | Civil Action No.: CV-06-1045 (JFB) (AKT)<br><br>**RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |

Defendant St. Paul Fire and Marine Insurance Company n/k/a St. Paul Travelers Companies, Inc. ("St. Paul"), by and through its attorneys, Duane Morris LLP, responds to Plaintiff's Second Set of Interrogatories as follows:

## GENERAL OBJECTIONS

The following general objections apply to the responses set forth below:

1. St. Paul objects to these Interrogatories to the extent they are vague, confusing, overly broad, and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

2. St. Paul objects to these Interrogatories to the extent that they seek to impose requirements different from and in addition to those required by the Federal Rules of Civil

Procedure and the Local Rules of the United States District Court for the Eastern District of New York.

3. St. Paul objects generally to each interrogatory to the extent that: (i) the interrogatories seek documents and information relating or related to various subjects on the grounds that such designation does not describe the material sought with sufficient particularity necessary to identify the material to be produced; (ii) the interrogatories are overly broad and requires an unduly burdensome search of St. Paul's records and attempts to cover persons and business entities which are not parties to this action and purports to require St. Paul to supply information which is not available and documents which are not within St. Paul's possession, custody and control; and (iii) the interrogatories are unduly, vague, ambiguous and seek information which is not relevant to the within litigation or the discovery of admissible information and/or evidence.

4. In providing a response to Plaintiff's interrogatories, St. Paul does not in any way waive or intend to waive, but rather intends to preserve and is preserving: (i) all objections as to competency, relevancy, materiality, and admissibility; (ii) all rights to object on any ground to the use of any of the responses herein or documents in any subsequent proceedings, including a trial or any other actions; (iii) all objections as to vagueness and ambiguity; and (iv) all rights to object on any ground to any document request or other discovery request including or relating to these interrogatories.

5. St. Paul objects to the Interrogatories to the extent they call for information that is subject to the attorney-client privilege, that is immune from discovery under the work product doctrine, that was prepared in anticipation of litigation or that is otherwise protected from

disclosure under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of New York and relevant case law.

6.  These responses and objections are based upon information now known. St. Paul has not yet completed its discovery or preparation for trial in this action and therefore reserves its right to amend, modify or supplement the objections of responses dated therein.

7.  St. Paul incorporates the foregoing general objections into each and every objection and or individualized response contained herein and sets forth below into each and every amendment, supplement or modification to these responses hereinafter provided.

8.  St. Paul does not intend to waive any general objection in response to any specific interrogatory.

## INTERROGATORIES

4.  Provide the date of hire and job title, job description, employer, and unit assigned from September 24, 2004 through the date of defendant's response to this interrogatory, for each of the following individuals: (1) Laura Ellwood; (ii) Laura Leahy; (iii) Michael Burke; (iv) Frank Harten; and (v) Beth Coleman.

RESPONSE: St. Paul objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

2.  Describe the involvement of each of the following individuals with each of the issuane of the Policy, the renewal of the Policy, and the handling of the Claim: (1) Laura Ellwood; (ii) Laura Leahy; (iii) Michael Burke; (iv) Frank Harten; and (v) Beth Coleman.

RESPONSE: St. Paul objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, vague, ambiguous, calls for the disclosure of confidential information, calls

for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to and without waiving said objections, see documents produced by St. Paul at bates numbers STP40 to STP284.

## CERTIFICATION

I hereby certify that the foregoing answers to interrogatories are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Williette Gardiner

Dated: December 29, 2006