UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CONVERMAT CORPORATION,

                         Plaintiff,

      - against -

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

                         Defendant.
------------------------------------------------------------X

**ORDER**

CV 06-1045 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

I.    **PRELIMINARY STATEMENT**

Before the Court is Plaintiff's letter motion pursuant to Fed. R. Civ. P. 37(2)(B) to compel Defendant to provide further responses to certain interrogatories and document demands. [DE 17] Defendant has submitted a letter opposing the relief which Plaintiff seeks. [DE 18]

Plaintiff served Defendant with its First Set of Interrogatories and Document Demands and Defendant responded some 2 ½ months later, objecting to certain parts of the demands served. Plaintiff then served Defendant with its Second Set of Interrogatories. Defendant responded to the Second Interrogatories on January 5, 2007 and raised objections to certain interrogatories. After conducting the required meet and confer pursuant to Local Civil Rule 37.3, Plaintiff moved to compel full and adequate responses to its: (1) First Interrogatories Nos. 1 and 3; (2) Second Interrogatories Nos. 4 and 5; and (3) Document Demand Nos. 17 through 21.

Having considered the parties' respective submissions and the applicable law, Plaintiff's letter motion is GRANTED in part and DENIED in part for the reasons set forth below.

II. **STANDARD OF REVIEW**

The standard of review used to assess the parties' respective positions in this motion to compel involves the interplay between Rules 26, 33, 34 and 37 of the Federal Rules of Civil Procedure. A closer look at the scope of each Rule is instructive on the issues presented by the parties here.

Fed. R. Civ. P. 26(b)(1) describes the scope of, and limitations on, discovery in civil litigation:

> In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed. R. Civ. P. 26(b)(1). "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc.*, 437 U.S. 340, 351 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"). This Court has held that the "right of litigants to discover and present

relevant evidence in civil litigations is given great weight in federal courts." *Apicella v. McNeil Labs*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975). In *Apicella*, this Court further noted that the "liberal" discovery rules tend "toward admitting as much evidence as possible so that the facts may be more accurately determined." *Id*.

Fed. R. Civ. P. 33(c) describes the scope of interrogatories in civil litigation:

> Scope; Use at Trial. Interrogatories may relate to any matters which can be inquired into under rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence.

Fed. R. Civ. P. 33(c). A party wishing to object to an interrogatory may not merely repeat the "familiar litany that the interrogatories are burdensome, oppressive or overly broad," but rather must "specifically" show how the interrogatory "is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co*., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). An objection based upon burdensomeness of an interrogatory "must be considered waived" if it is not "stated with specificity." *Nagele v. Elec. Data Sys. Corp.*, 193 F.R.D. 94, 111 (W.D.N.Y. 2000).

Fed. R. Civ. P. 34(a) describes the scope of document demands in civil litigation:

> Scope. Any party may serve on any other party a request … to inspect, copy, test, or sample any designated documents … which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served….

Fed. R. Civ. P. 34(a). This Court has held that the scope of a Rule 34 request is governed by Rule 26(b). *United States v. 50.34 Acres of Land in East Hills*, 13 F.R.D. 19, 21 (E.D.N.Y. 1952). The Second Circuit has held that the "granting or denial of [a request under rule 34] is within discretion of the trial court." *Benning v. Phelps*, 249 F.2d 47,48 (2d Cir. 1957); *see also Clift v. United States*, 597 F.2d 826, 829 (2d Cir. 1979) (holding that it is within the court's discretion to grant or deny document demands).

Fed. R. Civ. P. 37(2)(B) provides parties the ability to compel discovery if a "party fails to answer an interrogatory submitted under Rule 33, or … a request for inspection submitted under Rule 34…." Fed. R. Civ. P. 37(2)(B). A motion to compel is entrusted to the sound discretion of the district court. *Am. Sav. Bank, FSB v. UBS Paine Webber, Inc.* (*In re Fitch, Inc.*), 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). The Second Circuit has noted that a "trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah* (*In re DG Acquisition Corp.*), 151 F.3d 75, 79 (2d Cir. 1998) (citing *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992)).

### III. DISCUSSION

Plaintiff asserts five (5) causes of action alleging that its insurance claim for physical property damage stemming from Hurricane Rita was improperly denied by Defendant. In its Complaint, Plaintiff brings the following claims: (1) breach of contract; (2) deceptive business practices in violation of N.Y. Ins. Law § 2601(a)(1) and N.Y. Gen. Bus. Law § 349; (3) deceptive business practices due to Defendant's failure to make a

4

good faith attempt to effectuate a "prompt, fair and equitable settlement" of Plaintiff's claim in violation of N.Y. Gen. Bus. Law § 2601(a)(4); (4) deceptive business practices due to Defendant's attempt to deceive certain categories of policyholders in violation of N.Y. Gen. Bus. Law § 349; and (5) breach of Defendant's duty as an insurer to deal fairly and in good faith with the insured. *See* Compl. ¶¶ 23, 31, 40, 41, 49, 54, 61, 66, 67.

Plaintiff's motion to compel will be analyzed either individually or categorically by the subject matter of the information sought.

A.  **INTERROGATORY NO. 1**

Plaintiff requests identifying information about the individuals responsible for underwriting the insurance policy including their names, titles, and employment responsibilities. Defendant objects to this interrogatory on the grounds that such a request is overbroad, not reasonably calculated to lead to discoverable evidence, irrelevant and previously responded to by production of the 153-page Underwriting file. [DE 18]

> Generally, a party seeking to assert a claim of lack of relevance
>> must satisfy the court that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed. R. Civ. P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by disclosure would outweigh the ordinary presumption in favor of broad disclosure.

*Burke v. New York City Police Dept.*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). With respect to discovery of the identity of individuals, in *Nagele*, the court held that the identities of individuals "who participated in or who were consulted regarding" the termination of the plaintiff's benefits was relevant and discoverable. *Nagele*, 193 F.R.D.

5

at 108.  Similarly, the court in *Hamilton v. Kerik*, 2002 WL 31834428, at *2 (S.D.N.Y. Dec. 17, 2002) held that the "names, titles, and duties of all staff members … responsible for creating … rules and regulations" were relevant and thus discoverable. *Id.* at *2. Additionally, under Rule 26(b)(1), Plaintiff is entitled to "the identity and location of persons having knowledge of discoverable matter." Fed. R. Civ. P. 26(b)(1).

Plaintiff argues that it has a particular need for the "employment responsibilities" of the individuals "responsible for underwriting the policy" in order to properly depose Defendant's employees.  This Court has held that a

> corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice…. Rather the attendance of non-party employees of a corporation at a deposition must be procured by subpoena….

*Ruinsky v. Harrah's*, No. 03-CV-4781, 2006 WL 681200, at *1 (E.D.N.Y. Mar. 15, 2006).  I find that Plaintiff has a legitimate need to know whether to depose employees by notice or subpoena.  In addition, some of the individuals involved here may no longer be employed by Defendant.

After raising some general objections to Interrogatory No. 1, Defendants' response states ". . . see documents produced in response to Plaintiff's First Request for the Production of Documents."  DE 17-2 at 3.  Defendant claims its references to its business records is sufficient to comply with Rule 33(d) because "the burden on Convermat of culling this information from St. Paul's business records is substantially the same as if St. Paul had to do so."  DE 18 at 1.  I respectfully disagree.  The portion of the interrogatory which seeks the "employment responsibilities" of the individual(s)

6

whose duties include underwriting the policy at issue here – information which I find to be relevant – cannot be adequately answered by a general reference to the business records produced. Defendant provides no specification as to where the information can be located beyond this generalized reference. Such a response is insufficient in these circumstances and does not comply with Fed. R. Civ. P. 33(d) and Local Civil Rule 33.1. *See Fox v. Cheminova*, 00-CV-5145, 2006 WL 508087, at *5 (E.D.N.Y. Mar. 1, 2006). A specification is required to be in sufficient detail "to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained." Fed. R. Civ. P. 33(c). As one court in this Circuit has observed:

> Defendant's response must, to some extent, specify the appropriate documents from which the information sought can be derived. It is "an abuse of the [Rule 33(c)] option to merely direct the interrogating party to a mass of business records. Advisory Committee Note to the 1980 Amendment to Rule 33(c) [other citations omitted]. . . . Finally, Rule 33(c) is not an available alternative if an interrogatory can be responded to more readily and conveniently by written answer [citations omitted].

*Phillips Petroleum Co.*, 105 F.R.D. at 44.

In the instant matter, there is presumably a defined and limited set of individuals who were responsible for underwriting the policy at issue. Defense counsel is already obligated pursuant to Fed. R. Civ. P. 26(a)(1)(A) to provide the identity and contact information of individuals with information relevant to the claims and defenses brought in this action.[1] Accordingly, for the reasons set forth above, Plaintiff's motion to compel

---

[1] Federal Rule of Civil Procedure 26(a)(1)(A) provides "a party must, without awaiting a discovery request, provide to other parties the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the

is GRANTED as to Interrogatory No. 1. Defendant is to provide its response to Interrogatory No. 1, in accordance with the directives set forth here, within ten (10) days of the date of this Order.

### B. INTERROGATORY NO. 3 AND DOCUMENT DEMAND NOS. 17-21

Plaintiff's Interrogatory No. 3 demands that Defendant reveal the identity of all insureds who filed claims stemming from Hurricane Rita and those whose claims were denied. Defendant objects to this Interrogatory, arguing it is overbroad, unduly burdensome, vague, ambiguous, not reasonably calculated to lead to the discovery of relevant or admissible evidence, and "calls for the disclosure of information that is protected by the attorney-client privilege and the work-product doctrine." [DE 18]

Plaintiff's Interrogatory No. 3 is unduly burdensome. Typically, "to support an objection based upon burdensomeness the objecting party must particularize the basis for the objection as generalized assertions are inadequate." *Nagele*, 193 F.R.D. at 109. However, in this case, I find that the burden of responding to the Interrogatory is self-evident. Hurricane Rita, and the subsequent damage sustained by both persons and property in its wake, was an unfortunate and wide-ranging occurrence. The destruction resulting from the hurricane is illustrated by its mention in over 117 reported Federal decisions. To require Defendant to identify all insureds with claims stemming from Hurricane Rita would be an enormous undertaking, particularly in light of the fact that many of the claims remain in litigation at this time. Additionally, the

---

subjects of the information." Fed. R. Civ. P. 26(a)(1)(A).

request is not limited in scope or even to a particular type of claim which might be relevant to the current circumstances. This lack of limitation further supports the argument that the request is unduly burdensome. *See, e.g., Shomo v. State of New York*, No. 04-CV-910, 2007 WL 136680, at *4 (N.D.N.Y. Jan. 16, 2007). Therefore, in its present form, I am DENYING Plaintiff's motion to compel as to Interrogatory No. 3.

Plaintiff's Document Demand Nos. 17-21 seek further documentary evidence concerning Defendant's denial of claims to its other insureds for losses sustained as a result of Hurricane Rita as well as the handling of the specific claims filed by other insureds.[2] For the same reasons outlined above, Plaintiff's motion to compel is denied as to Document Demand Nos. 17, 18 and 21. A potential response to these demands

---

[2] Plaintiff's Document Demand No. 17 seeks "[a]ll documents and communications that defendant sent to its other insureds concerning the denial of claims made by these other insureds as a result of the loss sustained due to Hurricane Rita based upon the same or similar policy provisions on which defendant relied in its denial of plaintiff's claim."

Plaintiff's Document Demand No. 18 seeks "'[a]ll documents and communications that defendant received from defendant's other insureds concerning claims addressed in defendant's response to item 17 herein."

Plaintiff's Document Demand No. 19 seeks "[a]ll documents concerning policies and procedures maintained by defendant for the handling of claims made by insureds as a result of Hurricane Rita."

Plaintiff's Document Demand No. 20 seeks "[a]ll documents and communications exchanged between defendant's employees, officers, directors, employees, partners, corporate parent(s), subsidiaries and/or affiliates concerning the manner in which claims arising out of Hurricane Rita were to be handled."

Plaintiff's Document Demand No. 21 seeks "[a]ll documents concerning litigation commenced by or against defendant's insureds as a result of claims made due to Hurricane Rita, that were denied by defendant based upon the same or similar policy provisions on which defendant relied in its for plaintiff's claim."

would require Defendant to produce massive numbers of documents which I find to be unduly burdensome.  In their present form, these demands are overbroad.  Plaintiff is directed to confer with Defendant's counsel within one week of the date of this Order, pursuant to Local Civil Rule 37.3, in a good faith effort to narrow the scope of this demand, at which point the parties are to have reached an agreement or Plaintiff may seek further relief from the Court by letter motion.  Any contemplated letter motion must be filed on ECF no later than October 2, 2007.  Should such motion be filed, Defendant will have three business days to file any opposition.

As to Document Demand Nos. 19 and 20, however, I find that requiring Defendant to furnish a response to those demands as currently constituted does not unduly burden Defendant and may lead to the admission of relevant evidence.  The parties agree that this action concerns the denial of insurance coverage resulting from the destruction of certain property following Hurricane Rita.  Therefore, the question of what, if any, policies and procedures were put in place by Defendant to deal with such claims is certainly relevant here.  *See Weiller v. New York Life Ins. Co*. No. 04-CV-604285, 2004 WL 3245345, at *4–5 (N.Y. Sup. Mar. 16, 2005) ( holding that "documents evidencing claims handling policies and procedures" were discoverable).  Accordingly, Plaintiff's motion to compel is granted as to Document Demand Nos. 19 and 20.  To the extent that Defendant maintains some of these documents are privileged, Defendant is required to provide Plaintiff with an appropriate privilege log which shall simultaneously accompany the production of the referenced documents.

## C. INTERROGATORY NOS. 4 AND 5

Plaintiff's Interrogatories Nos. 4, and 5 seek information concerning specific employees of the Defendant responsible for handling the insurance policy and subsequent claim by Plaintiff which is the subject of the current action. Specifically, Interrogatory No. 4 seeks the date of hire, job title, job description, employer and unit assigned for five individuals from September 24, 2004 to present. Defendant objects on the grounds of relevance and that the request is overly broad and unduly burdensome. Interrogatory No. 5 seeks a description of the involvement of the five individuals identified in Interrogatory No. 4 concerning the issuance and renewal of the insurance policy as well as the handling of the claim.

As to Interrogatory No. 4, Defendant objects on the grounds that it is overbroad, unduly burdensome and irrelevant. Defendant raises the same objections with respect to Interrogatory No. 5 and adds that the request calls for the disclosure of information that is protected by the attorney-client privilege and the work product doctrine. As its response and subject to the aforementioned objections, Defendant responded to each Interrogatory by referring to a range of bates-stamped documents it produced. Plaintiff argues that such a response is insufficient because the information it seeks is not included in the documents produced and reference to documents is improper where, as here, the information sought is more readily ascertainable by serving a written answer. [DE 17]

For much of the same reasoning set forth regarding Interrogatory No. 1, I find the information sought by Plaintiff in Interrogatory Nos. 4 and 5 is relevant and not unduly burdensome to produce. Further, it is appropriate that Defendant respond to these

11

requests in written form rather than simply referencing the prior production of certain business records.

The language of the Rule 33(d) requires the burden among the producing and reviewing parties to be equal and that there be a sufficiently detailed specification so that the interrogating party is able to locate and identify the responsive documents. Interrogatory Nos. 4 and 5 call for straightforward information which is relevant to the issues in this action. The argument that Plaintiff will be able to obtain a description as to each individual's involvement solely from reviewing the referenced business records is unavailing. I further find that this interrogatory can be responded to more readily and easily by written answer rather than referring to documents. *See Phillips Petroleum Co.*, 105 F.R.D. at 44 ("Rule 33(c) is not an available alternative if an interrogatory can be responded to more readily and conveniently by written answer"); *see also Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 226 (10th Cir.), *cert. denied*, 429 U.S. 886 (1976); *Atlanta Fixture & Sales Co. v. Bituminous Fire & Marine Ins. Co.,* 51 F.R.D. 311, 312 (N.D.Ga.1970). Accordingly, I am directing Defendant to serve written response to Interrogatory Nos. 4 and 5 within ten (10) days of the date of this Order.

Further, Defendant's blanket objections on the grounds of privilege do not comply with the discovery rules. Under Fed. R. Civ. P. 26(b)(5)(A), a party must "make the claim expressly" and "describe the nature of the documents, communications, or things not produced or disclosed" sufficiently for the court to "assess the applicability of the privilege or protection." As the court held in *Burke*, parties seeking to resist discovery due to privilege "bear the burden of establishing the facts on which their

asserted privileges depend." *Burke*, 115 F.R.D. at 224.  As Plaintiff noted, Defendant may not avail itself of privilege without providing a privilege log as is required by Fed. R. Civ. P. 26(b)(5).  Furthermore, the Local Rules of the Eastern District require that when an attorney objects to discovery based upon privilege, "[t]he attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed…." Local Civil Rule 26.2(a)(1).   The Local Rules further mandate that the attorney seeking privilege provide within the objection

> (i) the type of document…; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) such other information as is sufficient to identify the document for a subpoena duces tecum…."

Local Civil Rule 26.2(a)(2)(A).  Defendant has not complied with the privilege requirements under either the Federal Rules or the Local Rules.  The failure to furnish an adequate privilege log is grounds for rejecting a claim of attorney client privilege.  *See Aurora Loan Svcs., Inc. v. Posner, Posner & Assocs., P.C.*, No. 02-CV-9742, 2007 WL 2141553, at *3 (S.D.N.Y. June 27, 2007) (citing *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)).  Accordingly, Defendant's objection to responding to this interrogatory based upon privilege is ineffective and Plaintiff's motion to compel is GRANTED as to Interrogatory Nos. 4 and 5.  Within ten (10) days, Defendant must respond appropriately to the designated interrogatories as well as  provide Plaintiff with the required privilege log for any responsive documents it is withholding based upon a claim of privilege.

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiff's motion to compel discovery is GRANTED in part and DENIED in part. The parties are directed to take immediate steps to comply with the directives set forth in this Order in the time frame designated.

A telephone status conference will be held on October 3, 2007 at 10 a.m. to discuss the remaining discovery schedule. Plaintiff's counsel is to initiate the call to chambers.

**SO ORDERED**

Dated: Central Islip, New York
September 18, 2007

A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge