UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CONVERMAT CORPORATION,

                                Plaintiff,

        - against -

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

                                Defendant.
-----------------------------------------------------------X

**ORDER**

CV-06-1045 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Before the Court is Defendant's letter motion pursuant to Fed. R. Civ. P. 37(a)(2)(B) to compel Plaintiff to produce a corporate executive to testify about Plaintiff's alleged damages. [DE 22] Plaintiff has submitted a letter opposing Defendant's letter motion. [DE 23]

Having considered the parties' respective submissions and the applicable law, I am GRANTING Defendant's letter motion to the extent noted below.

**II.    BACKGROUND**

On October 26, 2006, Defendant served Plaintiff with a Rule 30(b)(6) deposition notice, which was subsequently amended on December 27, 2006. Plaintiff failed to object to either the original or the amended deposition notices and the deposition date for the Rule 30(b)(6) witness has been adjourned twice. Defendant attempted to schedule the deposition on two additional occasions, but on May 21, 2007 Plaintiff responded by letter that it was withholding its corporate representative pending Defendant's compliance with

1

its outstanding discovery demands. Plaintiff argues that it will suffer prejudice if it is required to give testimony without first having had the opportunity to review responses to its discovery demands. Plaintiff's counsel further argues that defense counsel is attempting to "circumvent the normal course of discovery by stonewalling document production and interrogatory responses while simultaneously moving to compel plaintiff to produce a witness for deposition." [DE 23]

After having conducted the required meet and confer in accordance with Local Civil Rule 37.2, on July 3, 2007, Defendant now moves to compel the production of Plaintiff's Rule 30(b)(6) witness for deposition.

### III. STANDARD OF REVIEW

Fed. R. Civ. P. 37(a)(2)(B) empowers a party to compel discovery if a "deponent fails to answer a question propounded or submitted under Rules 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) …." Fed. R. Civ. P. 37(a)(2)(B). A motion to compel is entrusted to the sound discretion of the district court. *Am. Sav. Bank, FSB v. UBS Paine Webber, Inc.*, (*In re Fitch, Inc.*), 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000).

### IV. DISCUSSION

Fed. R. Civ. P. 26(d) provides for the timing and sequence of discovery:

> [u]nless the court … orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

Fed. R. Civ. P. 26(d). Therefore, under the Federal Rules "there is no rule of discovery priority…." *Exovir, Inc. v. Dr. Mandel*, No. 94-CV-3546, 1996 WL 101269, at *1

(S.D.N.Y. Mar. 7, 1996). The effects of Rule 26(d) are "first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to establish priority by an order issued in a particular case." *Nairobi Holdings Ltd v. Brown Bros. Harriman & Co.*, No. 02-CV-1230, 2005 WL 742617, at *3 (S.D.N.Y. Mar. 18, 2005) (quoting Fed. R. Civ. P. 26(d) advisory committee's note (1970)). Rule 26(d) mandates that "one party's initiation of discovery should not wait upon the other's completion, unless delay is dictated by special circumstances." Fed. R. Civ. P. 26(d) advisory committee's note (1970)). This Court has held that is entirely within a district court's discretion to "establish a priority or to fashion an appropriate sequence of discovery to be performed in each case." *Demarco v. Stony Brook Clinical Practice Mgmt. Plan*, No. 06-CV-4305, 2007 WL 1839823, at *1 (E.D.N.Y. June 26, 2007) (citing *Baker v. Orleans County*, No. 96-CV-0503, 1997 WL 436703, at *1 (W.D.N.Y. July 21, 1997)).

While in a "majority of cases, interrogatory and document discovery are completed prior to depositions … this is certainly not a hard and fast rule, and the sequence of discovery is at the discretion of the trial judge." *Hogan v. DC Comics*, No. 96-CV-1749, 1997 WL 570871, at *6 (N.D.N.Y. Sept. 9, 1997). It is well settled that unless the court orders otherwise, a party may not condition its compliance with discovery requests upon receipt of discovery materials from the opposing party. *See Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 235 (W.D.N.Y. 1998); *Hogan,* 1997 WL 570871, at *8; *Meisch v. Fifth Transoceanic Shipping Co.*, No. 94-CV-0683, 1994 LEXIS 14995, at *1 (S.D.N.Y. Oct. 21, 1994). Plaintiff, in setting forth its opposition, is correct that *Land Ocean Logistics, Inc.* dealt with priority of document

production and did not address depositions. Nor do I think the parties have a real dispute as to the "norm" regarding the timing of proper production and subsequent scheduling of depositions.

Fed. R. Civ. P. 30(b)(6) provides for the taking of depositions from one or more designees of an organization who shall, on behalf of the organization "testify as to matters known or available to the organization." Fed. R. Civ. P. 30(b)(6). Generally, the Federal Rules of Civil Procedure "do not place any initial burden on parties to justify their deposition and discovery requests." *Official Comm. of Unsecured Creditors of Hechinger Inv. Co. of Del., Inc. v. Fleet Retail Fin. Group, Inc., (In re Friedman)*, 350 F.3d 65, 69 (2d Cir. 2003). The Second Circuit has held that to "satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable, and binding answers' on its behalf." *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (citing *Sec. & Exch. Comm'n v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992)). Defendant requests the production of a Rule 30(b)(6) witness by Plaintiff to testify about damages. Plaintiff represents that it is not refusing to produce a corporate representative, but rather contests the timing since Defendant has not provided responses to certain outstanding discovery demands, namely Plaintiff's First and Second Set of Interrogatories and Plaintiff's document demands.

In *Hogan*, the court dealt with a similar issue in which the defendant sought to depose plaintiff even though certain responses to discovery demands remained outstanding. *Hogan*, 1997 WL 570871, at *6. In that case, plaintiff argued that he needed to review defendant's responses to its discovery demands prior to the deposition.

4

*Id.* at *6. In reaching a decision, the court analyzed the "nature and extent of Hogan's proposed deposition" in light of the nature of the requested documents. *Id.* In *Hogan,* there were essential two types of documents: (1) defendant's internal documents; and (2) copies of correspondence and defendant's notes concerning communications with the plaintiff. *Id*. at *7. The court agreed plaintiff may have a legitimate need to "refresh his recollection of events," if there were any "notes or memoranda that are now in the possession of the defendants," which were prepared by the plaintiff, the plaintiff "should certainly have an opportunity to review them prior to his depositions." *Id*. at *8.[1]

However, the *Hogan* court distinguished documents or notes that may be "important" to the plaintiff and those documents which "would be of no assistance to Hogan in refreshing his recollection concerning that area of his testimony." *Id.* at *7. In the case of the latter class of documents, the court found that there was a substantial risk that the plaintiff may use the defendant's internal documents and notes to "tailor his testimony" in order "to avoid discrepancies that might hurt his credibility." *Id*. The court therefore granted plaintiff's request as to copies of the correspondence with plaintiffs or

---

[1] Such ruling conformed with the long standing observation by the Second Circuit that courts generally prefer oral depositions to written interrogatories as "means of obtaining discoverable information….", *In re Friedman*, 350 F.3d at 69, since one of the advantages of oral depositions is the "avoidance of receiving pre-prepared answers so carefully tailored that they are likely to generate additional disputes." *Id.* However, oral depositions

> should not be converted in effect into an interrogatory procedure (Rule 33) or an inspection procedure (Rule 34) by the device of asking a witness a series of questions the answers to which he does not know … [without] … examining books or records, which answers would then simply amount to a verbalization of what the witness found in the examined books or records.

*Deep S. Oil Co. of Tex. v. Metro. Life Ins. Co.*, 25 F.R.D. 81, 82 (S.D.N.Y. 1959).

"verbatim recorded stenographic transcripts of any conversations or meetings between plaintiffs and defendants" insofar as they might "refresh" plaintiff's recollection and denied the plaintiff's demand that the defendant produce its internal documents and notes prior to his deposition. *Id*. at *8. It is not clear from the information provided by the parties what documents may be relevant to the corporate representative's preparation for his deposition. In any event, the deposition is going to move forward.

## IV.  CONCLUSION

In light of my decision today on Plaintiff's motion to compel specific discovery, I am directing Plaintiff to present its Rule 30(b)(6) witness for deposition no later than October 25, 2007. To this extent, Defendant's motion to compel is GRANTED.

**SO ORDERED.**

Dated: Central Islip, New York
September 18, 2007

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge